DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from an Athens County Common Pleas Court, Juvenile Division, judgment that awarded Athens County Children Services (ACCS) permanent custody of Christopher Barnhart, date of birth February 19, 1998.
 {¶ 2} Appellant Paul Barnhart, the child's natural father, assigns the following errors:
FIRST ASSIGNMENT OF ERROR:
 {¶ 3} "THE TRIAL COURT ERRED IN RELYING ON R.C. 2151.414(B)(1)(d) AS A BASIS FOR GRANTING PERMANENT CUSTODY."
SECOND ASSIGNMENT OF ERROR:
 {¶ 4} "THE TRIAL COURT ABUSED ITS DISCRETION IN FINDING BY CLEAR AND CONVINCING EVIDENCE THAT [SIC] CHRISTOPHER CANNOT AND SHOULD NOT BE PLACED WITH PAUL BARNHART WITHIN A REASONABLE TIME, PURSUANT TO R.C. 2151.414(E)."
 {¶ 5} Christopher is the child of appellant and Melinda Lewandowski. On April 20, 1998, the trial court granted ACCS emergency custody of Christopher. On April 21, 1998, ACCS filed a complaint that alleged Christopher to be a dependent child for the following reasons: (1) the child lacked a stable home in that appellant did not own a home, but instead shared a trailer-home with a couple who had admitted involvement in the sexual abuse of a child; (2) the child slept on a bare mattress in a room filled with canned food, automobile tires, and a refrigerator; and (3) appellant failed to properly address the child's developmental delays.
 {¶ 6} On May 20, 1998, the trial court adjudicated Christopher to be a dependent child. On August 5, 1998, the trial court granted ACCS temporary custody of the child for six months. On November 24, 1998, the trial court permitted the child to be placed with Lewandowski, subject to a one-year protective supervision order.
 {¶ 7} On October 14, 1999, ACCS filed a motion and requested the trial court to extend the protective supervision of the child. The court extended the protective supervision order until May 24, 2000.
 {¶ 8} On April 19, 2000, ACCS again received an emergency custody order and placed the child in foster care. On the same date, ACCS filed a new complaint and alleged that Christopher is an abused, neglected, and dependent child. On May 12, 2000, the trial court adjudicated Christopher to be a neglected and dependent child and granted ACCS temporary custody pending the outcome of the dispositional hearing.
 {¶ 9} On July 6, 2000, the trial court granted ACCS temporary custody through April 19, 2001. On April 17, 2001, ACCS filed a motion to modify the disposition to permanent custody.
 {¶ 10} Before the trial court issued a decision regarding ACCS's motion, this court, on January 23, 2002, reversed the trial court's judgment regarding Lewandowski's son, Thomas. See In re Fennell (Jan. 23, 2002), Athens App. No. 01CA45. This court determined, inter alia, that the trial court failed to comply with Juv.R. 29(D) during the adjudication phase. Because the trial court proceedings in In re Fennell
also involved Christopher, the complaint involving Christopher was dismissed based upon our decision in In re Fennell.
 {¶ 11} On February 13, 2002, ACCS filed a new complaint and alleged Christopher to be an abused, neglected, and dependent child.[1]
In its complaint ACCS noted the extensive procedural history of the case and that Christopher has been involved with ACCS since he was two months old. ACCS further alleged that: (1) Lewandowski is in prison with a scheduled release date of May 2002; (2) appellant has been unable to provide a stable home for the child; (3) the child has been in foster care for the past twenty-two of twenty-two months; (4) Lewandowski has not visited the child since January 16, 2001; (5) appellant has not provided financial support for the child; (6) the child appears happy with his foster parents and cries when the foster parents returned him to his mother; (7) the child needs a secure home; (8) appellant has not complied with the case plan; (9) Lewandowski has repeatedly moved from various residence without giving the court or ACCS notice; (10) Lewandowski has not attended mental health counseling as recommended; (11) Lewandowski has been involved in verbal and physical confrontations with other adults that have resulted in criminal charges; (12) appellant has been unable to establish independent housing; (13) Lewandowski has had inconsistent visitation with a long lapse in visitation resulting in a deterioration of the parent-child relationship; (14) Lewandowski has failed to secure employment and has no financial means to support her child; (15) Lewandowski has demonstrated little motivation toward reunifying with her child; (16) the child bites and pinches himself to the point of drawing blood; (17) the child throws himself on the floor and bangs his head against concrete; (18) the child is in his third foster home because of his behaviors and because he was harming other children; (19) Lewandowski has failed to address her child's behavioral problems; (20) the child contracted genital warts but appellant does not know how he contracted them; (21) Lewandowski's mental condition affects her ability to parent; (22) Lewandowski has not complied with her counselor's recommendations and she has failed to attend counseling sessions; (23) appellant and Lewandowski have been involved in domestic violence episodes; (24) Lewandowski abuses alcohol; (25) the various households Lewandowski has lived in are filthy; (26) appellant has not provided food, clothing, or shelter for the child; (27) Lewandowski had no contact with the child from August 1, 2000 through November 7, 2000 and she did not attempt to contact ACCS to arrange visitation; (28) appellant lives with a woman, Chrystal Conkey, who had her children removed from the home; (29) the child's behavior deteriorated after home visits with appellant; (30) appellant reported problems controlling the child during visits; (31) appellant has been diagnosed with anger management problems, depression, and anxiety; (32) appellant verbally abuses the child; and (33) the child has stated that he does not want to visit appellant.
 {¶ 12} On March 7, 2002 the trial court held an adjudicatory hearing. At the hearing, all of the parties stipulated to hearing transcripts from the previously dismissed case.
 {¶ 13} On March 12, 2002, the guardian ad litem, Joy H. Creighton, filed her report. In her report, the guardian ad litem stated that the child is emotionally fragile and exhibits erratic behavior. The foster parent advised the guardian ad litem that the child becomes angry, cries, and screams, sometimes for several hours. Sometimes the child bites himself. The guardian ad litem also noted that the child is being treated for bipolar disorder and possible post traumatic stress disorder. The guardian ad litem stated that appellant cannot always control his anger and has a history of threatening behavior, some of which occurs in front of his child, when he becomes angry. The guardian ad litem expressed her concern that (1) appellant will not be able to control his anger if he is responsible for the child each day and if the child's behavior problems continue, and (2 the child's behavior would worsen in an unstable environment. The guardian ad litem thus recommended that ACCS be awarded permanent custody so that Christopher can be placed in a loving, stable home in which to grow and develop.
 {¶ 14} On March 22, 2002, the trial court adjudicated the child a neglected and dependent child. Neither party requested findings of fact or conclusions of law, and the trial court did not issue specific factual findings or conclusions of law. ACCS subsequently dismissed the abuse allegation, and the trial court continued temporary custody pending the dispositional hearing.
 {¶ 15} On April 8, 2002, ACCS filed a motion to modify appellant's visitation. ACCS requested that the visits at appellant's home terminate and that the visits occur at ACCS for the following reasons: (1) In January of 2002, appellant swore at and intimidated an ACCS caseworker; (2) On March 29, 2002, the father verbally abused another caseworker after a visit between Chrystal Conkey and her children; and (3) also on March 29, 2002, appellant accosted a uniformed police officer with a sheathed samurai sword.
 {¶ 16} On April 22, 2002, the trial court granted permanent custody of the child to ACCS. The trial court explicitly determined that the child's best interest would be served by granting ACCS permanent custody. The court noted that the child first was placed in ACCS's custody in April of 2000 and that R.C. 2151.414(B)(1)(d) potentially did not require the court to consider whether the child could not or should not be placed with one of the parent's within a reasonable time. The court nevertheless considered R.C. 2151.414(E). The court specifically examined R.C. 2151.414(E)(1), (2), (3), (4), (10), (14), (15), and (16), and determined that the child cannot be placed with either parent within a reasonable time or should not be placed with either parent. The court further determined that ACCS made reasonable efforts to reunite the family including the following services: (1) foster care; (2) referrals to Beacon School (3) genetic testing for behavioral problems; (4) referrals for testing for genital warts; (5) drug and alcohol assessments; (6) efforts to obtain HUD vouchers; (7) play groups for the child; (8) medical, psychiatric, and counseling referrals; and (9) case management. The trial court determined that ACCS's efforts "did not prevent or eliminate the need for removal because of the parents' failure or refusal to comply with the case plan despite continuous efforts to obtain their compliance, the continued incarceration of [Lewandowski], the instability of her home situation due to multiple partners, the continued cohabitation of [appellant] with Crystal Conkey, and [appellant's] violent temper."[2]
 {¶ 17} On April 29, 2002, appellant filed a request for written findings of fact and conclusions of law. On May 9, 2002, the trial court issued findings of fact and conclusions of law. In its findings of fact, the court found that the child has established a loving, caring, parent-child relationship with his foster parents. The court noted that: (1) appellant failed to obtain independent housing and continues to live with Conkey; (2) appellant continues to have problems controlling his anger; (3) when the child had extended visits with appellant, the child's behavior became uncontrollable. The court determined that appellant's unhealthy relationship with Conkey and his anger management difficulties would endanger Christopher if he were returned home. The trial court thus concluded that awarding ACCS permanent custody would serve Christopher's best interest.
 {¶ 18} Appellant filed a timely notice of appeal.
 I {¶ 19} In his first assignment of error, appellant asserts that the trial court failed to follow the proper statutory procedure prior to granting ACCS permanent custody. In particular, appellant contends that the trial court failed to comply with R.C. 2151.414(E). We disagree with appellant.
 {¶ 20} R.C. 2151.353(A)(4) permits a trial court to award permanent custody at the dispositional phase "if the court determines in accordance with division (E) of section 2151.414 of the Revised Code that the child cannot be placed with one of the child's parents within a reasonable time or should not be placed with either parent * * *." R.C.2151.414(E) sets forth factors that a court should consider when determining, under R.C. 2151.353(A)(4), whether the child cannot be placed with either parent within a reasonable time or should not be placed with either parent. The statute provides as follows:
 {¶ 21} "In determining at a hearing held pursuant to division (A) of this section or for the purposes of division (A)(4) of section 2151.353
of the Revised Code whether a child cannot be placed with either parent within a reasonable period of time or should not be placed with the parents, the court shall consider all relevant evidence. If the court determines, by clear and convincing evidence, at a hearing held pursuant to division (A) of this section or for the purposes of division (A)(4) of section 2151.353 of the Revised Code that one or more of the following exist as to each of the child's parents, the court shall enter a finding that the child cannot be placed with either parent within a reasonable time or should not be placed with either parent:
 {¶ 22} "(1) Following the placement of the child outside the child's home and notwithstanding reasonable case planning and diligent efforts by the agency to assist the parents to remedy the problems that initially caused the child to be placed outside the home, the parent has failed continuously and repeatedly to substantially remedy the conditions causing the child to be placed outside the child's home. In determining whether the parents have substantially remedied those conditions, the court shall consider parental utilization of medical, psychiatric, psychological, and other social and rehabilitative services and material resources that were made available to the parents for the purpose of changing parental conduct to allow them to resume and maintain parental duties.
 {¶ 23} "(2) Chronic mental illness, chronic emotional illness, mental retardation, physical disability, or chemical dependency of the parent that is so severe that it makes the parent unable to provide an adequate permanent home for the child at the present time and, as anticipated, within one year after the court holds the hearing pursuant to division (A) of this section or for the purposes of division (A)(4) of section 2151.353 of the Revised Code;
 {¶ 24} "(3) The parent committed any abuse as described in section2151.031 of the Revised Code against the child, caused the child to suffer any neglect as described in section 2151.03 of the Revised Code, or allowed the child to suffer any neglect as described in section 2151.03
of the Revised Code between the date that the original complaint alleging abuse or neglect was filed and the date of the filing of the motion for permanent custody;
 {¶ 25} "(4) The parent has demonstrated a lack of commitment toward the child by failing to regularly support, visit, or communicate with the child when able to do so, or by other actions showing an unwillingness to provide an adequate permanent home for the child;
 {¶ 26} "(5) The parent is incarcerated for an offense committed against the child or a sibling of the child;
 {¶ 27} "* * * *
 {¶ 28} "(11) The parent has had parental rights involuntarily terminated pursuant to this section or section 2151.353 or 2151.415 of the Revised Code with respect to a sibling of the child.
 {¶ 29} "* * * *
 {¶ 30} "(14) The parent for any reason is unwilling to provide food, clothing, shelter, and other basic necessities for the child or to prevent the child from suffering physical, emotional, or sexual abuse or physical, emotional, or mental neglect.
 {¶ 31} "(15) The parent has committed abuse as described in section 2151.031 of the Revised Code against the child or caused or allowed the child to suffer neglect as described in section 2151.03 of the Revised Code, and the court determines that the seriousness, nature, or likelihood of recurrence of the abuse or neglect makes the child's placement with the child's parent a threat to the child's safety.
 {¶ 32} "(16) Any other factor the court considers relevant."
 {¶ 33} Our review of the trial court's judgment that awarded ACCS permanent custody reveals that the trial court considered R.C. 2151.414(E). The court noted that Christopher was first placed in ACCS's custody in April of 2000 and that R.C. 2151.414(B)(1)(d) potentially did not require the court to consider whether the child could not be placed with one of the parents within a reasonable time or should not be placed with either parent. Nevertheless, the court considered R.C. 2151.414(E). The court specifically examined R.C. 2151.414(E)(1), (2), (3), (4), (10), (14), (15), and (16), and determined that Christopher cannot be placed with either parent within a reasonable time or should not be placed with either parent. Thus, we disagree with appellant's assertion that the trial court failed to consider the pertinent statutes.
 {¶ 34} Thus, in light of the fact that the trial court fully complied with R.C. 2151.414(E), appellant's assertion that the trial court erred by determining that the child was in ACCS's custody for twelve of more months of a twenty-two month period does not affect the disposition of the instant case.[3] We therefore decline to address appellant's argument that the trial court's finding that Christopher was in ACCS's custody for twelve or more months of a twenty-two month period "is clearly erroneous."
 {¶ 35} Accordingly, based upon the foregoing reasons we overrule appellant's first assignment of error.
 II {¶ 36} In his second assignment of error, appellant asserts that the trial court abused its discretion by determining that the child cannot be placed with him within a reasonable time or should not be placed with him.
 {¶ 37} A juvenile court has broad discretion in the disposition of an abused, neglected, or dependent child case. See R.C. 2151.353(A) and Juv.R. 29(D). Thus, a reviewing court will not reverse a trial court's decision regarding the disposition of an abused, neglected, or dependent child absent an abuse of discretion. See In re Riddle (1997),79 Ohio St.3d 259, 680 N.E.2d 1227. An abuse of discretion is more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. See, e.g., Landis v. GrangeMut. Ins. Co. (1998), 82 Ohio St.3d 339, 342, 695 N.E.2d 1140; Malone v.Courtyard by Marriott L.P. (1996), 74 Ohio St.3d 440, 448, 659 N.E.2d 1242.
 {¶ 38} When an appellate court applies the abuse of discretion standard, the court may not substitute its judgment for that of the trial court. See, e.g., State ex rel. Duncan v. Chippewa Twp. Trustees (1995),73 Ohio St.3d 728, 732, 654 N.E.2d 1254; In re Jane Doe 1 (1991),57 Ohio St.3d 135, 137-138, 566 N.E.2d 1181; Berk v. Mathews (1990),53 Ohio St.3d 161, 169, 559 N.E.2d 1301. Instead, in order for a reviewing court to find an abuse of discretion, the trial court's decision must be "so palpably and grossly violative of fact or logic that it evidences not the exercise of will, but the perversity of will; not the exercise of judgment, but the defiance of judgment; not the exercise of reason, but instead passion or bias." Nakoff v. Fairview Gen. Hosp.
(1996), 75 Ohio St.3d 254, 256, 662 N.E.2d 1.
 {¶ 39} Moreover, deferring to the trial court on matters of credibility is "crucial in a child custody case, where there may be much evident in the parties' demeanor and attitude that does not translate to the record well." Davis v. Flickinger (1997), 77 Ohio St.3d 415, 418,674 N.E.2d 1159.
 {¶ 40} Although a trial court possesses broad discretion in the disposition of abused, neglected, and dependent children, in permanent custody cases trial courts must use the "clear and convincing evidence" standard of proof. See R.C. 2151.414. When the proof required must be clear and convincing, a reviewing court will examine the record to determine whether the trier of fact had sufficient evidence before it to satisfy the requisite degree of proof. In State v. Schiebel (1990),55 Ohio St.3d 71, 74, 564 N.E.2d 54, the court stated that the standard of "clear and convincing evidence" is defined as
 {¶ 41} "`that measure or degree of proof which is more than a mere "preponderance of the evidence," but not to the extent of such certainty as is required "beyond a reasonable doubt" in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" (Quoting In reHaynes (1986), 25 Ohio St.3d 101, 103-04, 495 N.E.2d 23).
 {¶ 42} After our review of the record in the case at bar, we find ample competent, credible evidence to support the trial court's decision that Christopher cannot be placed with appellant within a reasonable time or should not be placed with appellant. R.C. 2151.414(E) requires the trial court to find that the child cannot be placed with either parent within a reasonable time or should not be placed with either parent if the trial court finds the existence of any one of the conditions listed in R.C. 2151.414(E). See In re Wingo (2001), 143 Ohio App.3d 652, 659,758 N.E.2d 780. In its findings of fact, the trial court found the following with respect to the R.C. 2151.414(E) factors: (1) under R.C.2151.414(E)(1), appellant has failed to substantially remedy the conditions that led to the child's removal; (2) appellant continues to have problems controlling his anger and continues to engage in violent behavior; (3) appellant continues to experience violent outbursts. Thus, the existence of the above facts supports the trial court's finding that Christopher cannot be placed with appellant or should not be placed with appellant. See In re Wingo.
 {¶ 43} The trial court further concluded that under R.C.2151.414(E)(4) Christopher cannot be placed with appellant within a reasonable time or should not be placed with appellant. The court further determined that appellant has failed to obtain independent housing. The trial court stated: "by not acquiring independent housing and continuing a `live-in' relationship with Chrystal Conkey, * * * has shown that he is unwilling to provide an adequate permanent home for Christopher." Appellant apparently continued to live with Conkey, despite being advised that he needed to obtain independent housing. Thus, this factor supports the trial court's finding that Christopher cannot be placed with appellant or should not be placed with appellant. See In re Wingo.
 {¶ 44} The trial court additionally noted that it could have made the R.C. 2151.414(E) finding based upon (E)(14) or (E)(15). The court did not, however, provide specific facts to support such a finding. Because either R.C. 2151.414(E)(1) or (E)(4) supports the court's finding, we will not consider whether either R.C. 2151.414(E)(14) or (15) would provide additional support for the trial court's finding.
 {¶ 45} Accordingly, based upon the foregoing reasons, we overrule appellant's third assignment of error and affirm the trial court's judgment.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Athens County Common Pleas Court, Juvenile Division, to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, P.J., Kline, J. Evans, J.: Concur in Judgment Opinion.
[1] We note that the record on appeal does not contain any of the filings from the previously dismissed case, except for the permanent custody hearing transcripts.
[2] We note that Conkey's first name appears in the record as "Chrystal," and as "Crystal."
[3] R.C. 2151.414(B)(1)(d) permits a trial court to grant permanent custody of a child to an agency if the court determines, by clear and convincing evidence, that the child's best interest would be served by the award of permanent custody and that the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999.